FILED
2007 AUG -3 AM 9: 10

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

WAVEMAKER MUSIC, INC.,
AVANT GARDE MUSIC
PUBLISHING, INC., FLYTE TYME TUNES
AND EMI APRIL MUSIC, INC.,

        Plaintiffs,

v.                                                                          Case No. 3:07-cv-233-HES-HTS

KARTOUCHE, INC. AND
LA TANYA C. COMBS,

        Defendants.
_____/

## ORDER AND INJUNCTION

Before the Court is Plaintiffs' Motion for Entry of Final Judgment on Defaults Against Defendants and Incorporated Memorandum of Law. (Doc. No. 11, filed July 6, 2007.)[1] Previously, the Clerk of Court, seeing that the Defendants had failed to file an Answer as required by Fed. R. Civ. P. 12(a), or otherwise defend against the allegations made by the Plaintiffs in their Complaint, entered Default Judgment. (Doc. No. 10, entered May 17, 2007.) The Defendants in this case have yet to file a response.

Plaintiffs bring this action for copyright infringement under The Copyright Act of 1976, Pub. L. No. 94-553, 90 Stat. 2541-2598 (codified as amended as 17 U.S.C.), alleging that their copyrighted musical works were publicly performed at Kartouche without Plaintiffs' authorization. Defendant "Kartouche, Inc." is a business located at 618 W. Forsyth Street,

---

[1] Also accompanying the Motion is a Declaration of Frederick D. Page (Doc. No. 12, filed July 6, 2007) and a Declaration of Douglas Jones (Doc. No. 13, filed July 6, 2007).

Jacksonville, Florida, specializing in public entertainment, accommodation, and refreshment. At all times pertinent to this case, Defendant La Tanya C. Combs, address: 3559 Shady Woods St. E, Jacksonville, Florida, was President of Kartouche, Inc., and was primarily responsible for the control, management, operation and maintenance of the affairs of Kartouche, Inc. The following songs were played for the entertainment of patrons of Kartouche: "Jam Tonight (a/k/a Jam Song)" and "Saturday Love" were performed on August 5, 2006, and "Fight the Power (Part I and II)" was performed on August 6, 2006. Kartouche, Inc. and La Tanya C. Combs derived financial benefit from the performances.

Plaintiffs are members of the American Society of Composers, Authors and Publishers ("ASCAP"), a performing rights licensing organization that was granted the nonexclusive right to license non-dramatic public performances of Plaintiffs' copyrighted compositions. ASCAP representatives repeatedly informed Defendants that they were required to obtain a license in order to have ASCAP copyrighted songs performed at Kartouche, and requested that the Defendants immediately comply with this requirement. However, Defendants ignored these requests, and continued to flout their obligation to attain a license for public performances of the copyrighted works. The record further demonstrates that the Defendants' acts are unlikely to cease, given that the Defendants have failed to respond to this litigation, and there is no indication that they have attained a license.

These facts are more than sufficient to support a need for injunctive relief, and an award of statutory damages, attorneys' fees, and costs against Defendants jointly and severally.

### **Statutory Damages**

Under the Copyright Act of 1976, Plaintiffs may elect to receive statutory damages of not

less than $750 per infringement or more than $30,000, instead of requesting actual damages or profits. 17 U.S.C. § 504(c)(1). In the present case, the Plaintiffs seek statutory damages of $5,000 per infringement for a total damages award of $15,000.

After reviewing the record and in light of the Defendants' willful infringement of Plaintiffs' copyrighted work, the Court finds that Plaintiffs' request for statutory damages of $15,000 is appropriate under the law and the facts. See F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 233 (1952) ("The statutory rule . . . not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct. . . . Even for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate the statutory policy.")

## **Injunctive Relief**

The Copyright Act of 1976 also provides for the entry of injunctive relief. 17 U.S.C. § 502(a). An injunction may be imposed when there is a substantial likelihood of further infringement. See Rilting Music Inc. v. Speakeasy Enterprises, Inc., 706 F. Supp. 550 (S.D. Ohio 1988).

Courts have long held that proprietors of a public establishment are liable for the infringing performances of musical compositions that occur there, even if the performances are made by independent contractors hired by the proprietor. Dreamland Ball Room, Inc. v. Shapiro, Bernstein & Co., 36 F.2d 354 (7th Cir. 1929); Famous Music Corp. v. Bay State Harness Horse Racing and Breeding Ass'n., 423 F. Supp. 341 (D. Mass. 1976), aff'd, 554 F.2d 1213 (1st Cir. 1977).

Where infringing proprietors of public establishments have ignored ASCAP's warnings

and have been sued to enforce the rights of copyright owners, courts have granted injunctive relief to prevent further infringing performances of copyrighted music. E.g., Chi Boy Music v. Charlie Club, Inc., 930 F.2d 1224 (7th Cir. 1991).

Here, ASCAP repeatedly warned Defendants about the need to acquire a licensing agreement. Despite these warnings, Defendants continued to allow and promote the performance of ASCAP works in the absence of an ASCAP license. These facts are sufficient to warrant the imposition of an injunction.

## Attorneys' Fees

Pursuant to the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505. "[T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." Id. Whether to award attorneys' fees is committed to the court's sound discretion. Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994); see Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989) (applying 12-factor test to determine reasonableness of attorneys' fee award).

As set forth in the Declaration of Frederick D. Page, the Plaintiffs assert that they have incurred a total of approximately $1,947.50 in attorneys' fees and $471.28 in costs in prosecuting this action. After reviewing the Declaration and the attached exhibits, this Court finds the fees and costs reasonable and awards Plaintiffs a total of $2,418.78.

Accordingly, it is

**ORDERED, DECREED AND ADJUDGED**

1. Plaintiffs' Motion for Entry of Final Judgment on Defaults Against Defendants is **GRANTED**.

2. Plaintiffs are awarded $15,000 in statutory fees pursuant to 17 U.S.C. § 504(c)(1).

3. Plaintiffs are awarded $2,418.78 in attorneys' fees and costs pursuant to 17 U.S.C. § 505.

4. Pursuant to 17 U.S.C. § 502(a), the Court hereby enters a permanent injunction against the Defendants in the following form:

> Defendants Kartouche, Inc. and La Tanya C. Combs are hereby jointly and individually enjoined and restrained permanently, either alone or in concert with others, from publicly performing any and all of the copyrighted musical compositions in the ASCAP repertory, including those belonging to Plaintiffs, and from causing or permitting such compositions to be publicly performed at the establishment known as Kartouche, located in Jacksonville, Florida, or at any other facility owned operated, or conducted by the Defendants, in whole or in part, and from aiding and abetting public performances of such compositions, unless Defendants shall have previously obtained permission to give such performances either directly from the Plaintiffs or the copyright owners whose compositions are being performed or by license from ASCAP.
>
> The Court reserves jurisdiction over the parties hereto and this action to enforce the terms of this permanent injunction through contempt proceedings and/or through any other permissible means.

5. The Clerk shall enter Final Judgment in favor of the Plaintiffs in accordance with this Order, and the United States Marshall shall serve a copy of this Order upon the Defendants at the addresses found in this Order.

**DONE AND ENTERED** at Jacksonville, Florida, this 2nd day of August, 2007.

United States District Judge
Harvey E. Schlesinger

Copies to:

Frederick Dyer Page, Esq.
K. Jessica Miller, Esq.
Kartouche, Inc.
La Tanya C. Combs